AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fayetteville Division

In the Matter of the Search of: )
**All information and stored cloud content maintained by Synchronoss Technologies for the account associated with Verizon phone number (479) 225-1513** )
)
) Case No. 5:24-cm-00003-CDC
)
)
)

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jan 4, 2024
OFFICE OF THE CLERK

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **See Attachment A. This Court has authority to issue this warrant 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A).**

located in the _____ District of __New Jersey__, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(1) and (a)(5)(B) | Transportation of Child Pornography and Possession of Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet. **Affidavit of HSI Special Agent Gerald Faulkner.**

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

GERALD F FAULKNER JR
Digitally signed by GERALD F FAULKNER JR
Date: 2024.01.04 13:32:33 -06'00'

*Applicant's signature*

Gerald Faulkner, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: January 4, 2024

*Judge's signature*

City and state: Fayetteville, Arkansas       Christy D. Comstock, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the Synchronoss Technologies, Inc. – Verizon Cloud **User Account assigned to cellular telephone number 479-225-1513** that are stored at the premises controlled by Synchronoss Technologies, Inc. – Verizon Cloud **between the time period of July 21, 2023 until the present** that is stored at premises owned, maintained, controlled, or operated by Synchronoss Technologies, Inc. – Verizon Cloud headquartered at 200 Crossing Boulevard in Bridgewater, New Jersey 08807

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Synchronoss Technologies, Inc. – Verizon Cloud**

To the extent that the information described in Attachment A is within the possession, custody, or control of Synchronoss Technologies, Inc. – Verizon Cloud (Verizon Cloud), including any messages, records, files, logs, or information that have been deleted but are still available to Verizon Cloud. Verizon Cloud is required to disclose the following information to the government for each user ID or cellular telephone account holder listed in Attachment A:

(a) All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, Verizon Cloud passwords, Verizon Cloud security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

(b) All activity logs for the account and all other documents showing the user's posts and other activities;

(c) All photos and videos uploaded, distributed, received, or saved by that user ID;

(d) All profile information, status updates, and contact lists associated with the accounts;

(e) All other records of communications and messages made or received by the user;

(f) All "check ins" and other location information;

(g) All IP logs, including all records of the IP addresses that logged into the account;

(h) All past and present lists of friends or contacts created by the account;

(i) Any and All information deleted from the accounts but still recoverable by

Verizon Cloud;

(j) The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(k) All privacy settings and other account settings, including privacy settings;

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography and 2252A(a)(5)(B), Possession of Child Pornography involving the **SUBJECT ACCOUNT** outlined herein since **July 21, 2023, until the present**, including, for the information identified on Attachment A, information pertaining to the following matters:

(a) Included, but not limited to, any and all sexually explicit images of minors

(b) Evidence indicating how and when the Verizon Cloud account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Verizon Cloud account owner;

(c) Evidence indicating the Verizon Cloud account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to the sexual exploitation of children or involving nude images of children being sent and received via the Internet or other means.

(f) Any and all conversations, contacts, messages, emails, posts and/or chats involving the solicitation or enticement of minors to engage in sexually explicit conduct and/or encouraging minors to produce images or videos of themselves nude or engaging in sexually explicit conduct. Any and all conversations with others, adult or minors, concerning the sexual exploitation of children or the sending or receiving of images of minors, nude, clothed, or otherwise.

**Affidavit in Support of Application for Search Warrant**

I, Gerald F. Faulkner, being duly sworn, depose and state as follows:

1.  I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Assistant Special Agent in Charge Office in Fayetteville, Arkansas. I have been so employed with HSI since April 2009. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, online enticement, transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2251A, 2422(b), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants and arrest warrants, a number of which involved child exploitation and/or child pornography offenses. This affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2.  This Affidavit is being submitted in support of an application for a search warrant for information associated with Synchronoss Technologies, Inc. – Verizon Cloud assigned to cellular telephone number **479-225-1513,** a certain account that is stored at premises controlled by Synchronoss Technologies, Inc. – Verizon Cloud headquartered at 200 Crossing Boulevard in Bridgewater, New Jersey 08807. The information to be searched is described in the following paragraphs and in Attachment A.

This Affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Synchronoss Technologies, Inc. – Verizon Cloud to disclose to the Government copies of the information (including the content of communications) further described in Attachment B.  Upon receipt of the information described in Attachment B, Government authorized persons will review that information to locate the items described in Attachment B.

3. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that evidence constituting violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography and 2252A(a)(5)(B), Possession of Child Pornography, are currently present on the item described as Attachment A. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband/fruits of these crimes further described in Attachment B.

### Statutory Authority

4. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography and 2252A(a)(5)(B), Possession of Child Pornography relating to material involving the sexual exploitation of minors, which has been defined in Title 18 United States Code, Section 2256, as an individual under 18 years of age.

> a) Title 18, United States Code, Section 2252A(a)(1) prohibits a person from knowingly mailing any child pornography, or transporting or shipping any child pornography, using any means or facility of interstate or foreign commerce by any means, including by computer.
>
> b) Title 18, United States Code, Section 2252A(a)(5)(B) prohibits a person from knowingly possessing  or knowingly accessing with intent to view, any book,

2

magazine, periodical, film, video-tape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c) Title 18, United States Code, Section 1470 prohibits a person from knowingly using a facility or means of interstate commerce to transfer obscene material to a minor who has not attained the age of 16 or attempt to do such.

d) The term "minor," as defined in Title 18, United States Code, Section 2256(1), refers to any person under the age of eighteen years.

e) The term "sexually explicit conduct," Title 18, United States Code, Sections 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

f) The term "visual depiction," as defined in Title 18, United States Code, Section 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

g) The term "computer," as defined in Title 18 United States Code, Section 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data

   processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

 h) The term "child pornography," as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (c) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

### Background Regarding Computers and the Internet

5. Your Affiant has become familiar with the Internet, which is a global network of computers and other electronic devices that communicate with each other using various means, including standard telephone lines, high-speed telecommunications links (e.g., copper and fiber optic cable), and wireless transmissions including satellite. Due to the structure of the Internet, connections between computers on the Internet routinely cross state and international borders, even when the computers communicating with each other are in the same state.

6. Individuals and entities use the Internet to gain access to a wide variety of information; to send information to, and receive information from, other individuals; to conduct commercial transactions; and to communicate via electronic mail ("e-mail") or Instant Messaging

services (IM).  An individual who wants to use the Internet must first obtain an account with a computer or cellular telephone that is linked to the Internet – for example, through a commercial service – which is called an "Internet Service Provider" or "ISP".  Once the individual has accessed the Internet, whether from a residence, a university, a place of business or via their cellular service provider, that individual can use Internet services, including sending and receiving e-mail and IM.

7. The Internet is a worldwide computer network that connects computers and facilitates the communication and the transfer of data and information across state and international boundaries.  A user accesses the Internet from a computer network or Internet Service Provider ("ISP") that connects to the Internet.  The ISP assigns each user an Internet Protocol ("IP") Address.  Each IP address is unique.  Every computer or device on the Internet is referenced by a unique IP address the same way every telephone has a unique telephone number.  An IP address is a series of four numbers separated by a period, and each number is a whole number between 0 and 255.  An example of an IP address is 12.345.678.901.  Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address.  The ISP logs the date, time, and duration of the Internet session for each IP address and can identify the user of that IP address for such a session from these records, depending on the ISP's record retention policies.

8. Based on my knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know that there are certain characteristics common to individuals involved in sexually exploiting children online and receiving, distributing, or collecting child pornography.

9. Those who sexually exploit children online and exchange or collect child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature and communications about such activity.

10. Those who sexually exploit children online and trade or collect child pornography may collect sexually explicit or suggestive materials, in a variety of mediums, including photographs, magazines, motion pictures, video tapes, books, slides or drawings, or other visual media, including digital files. Child pornography collectors oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

11. In some recent cases, however, some people who have a sexual interest in children have been found to download, view, then delete child pornography on a cyclical and repetitive basis, and to regularly delete any communications about the sexual abuse of children rather than storing such evidence on their computers or digital devices. Traces of such activity can often be found on such people's computers or digital devices, for months or even years after any downloaded files have been deleted.

12. Those who sexually exploit children online and trade or collect child pornography also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

13. When images and videos of child pornography or communications about sexual abuse of children are stored on computers or computer servers, forensic evidence of the downloading, saving, and storage of such evidence may remain on the computers or digital media for months or even years even after such images and videos have been deleted from the computers or digital media.

### Background Regarding Synchronoss Technologies, Inc. – Verizon Cloud

14. Based on your Affiant's training and experience, the following is known about the online cloud storage service/application Synchronoss Technologies, Inc. – Verizon Cloud.

   a. Verizon Cloud is a service that wirelessly stores online users' files in the cloud. Files are encrypted during transfer and stored securely. Online users can use them anytime on all of their connected devices, cellular telephones, computers and tablets.

   b. Verizon Cloud can automatically back up online users' files, making it easy to upgrade connected devices and restore files after damage, theft, or loss.

   c. Online users' can access their content through the My Verizon website or the Verizon Cloud Application on either Apple iOS devices, Android devices, or computers (Windows or Mac)

   d. Verizon Cloud is included with Verizon mobile phone plans and 5G Home Internet.

   e. Verizon Cloud can store content such as: contacts, photos, videos, documents, music, text messages, and call logs.

### Summary of the Investigation to Date

15. In November 2023, your Affiant received two Cyber Tipline Reports from the National Center for Missing and Exploited Children (NCMEC) pertaining to flagged online incidents that were believed to involve the possession, manufacture, and/or distribution of child

7

pornography. The flagged material was all associated with the believed same cellular telephone number submitted by Synchronoss Technologies, Inc. – Verizon Cloud with incident dates between July 21, 2023 and August 26, 2023.

16. Verizon Cloud provided Cyber Tipline Report number **166895963** with the following information regarding the user being reported:

> **Incident Type**: Child Pornography (possession, manufacture, and distribution)
> **Incident Time**: 07/21/2023 @ 21:11:05 UTC
> **Phone: 479-225-1513**
> **Number of Uploaded Files**: 2
>
> - **NOTE**: The entire contents of the flagged uploaded files, contained within the Cyber Tipline Report, were all reported as having been previously viewed by the reporting Electronic Service Provider.

17. Your Affiant viewed one of the files linked to the Cyber Tipline Report and determined it was in fact an image/video file containing child pornography. On or about December 29, 2023, your Affiant viewed and described the file as follows:

> (a) **File Name**: feb01bc9be4e44c1bad21fee2e220ae8_50b9ec4e7deb5fc5c5268b4e5982bfae3069fc3cfa63ef2a7fb196bae619fb1b

This image is of an approximate five (5) to seven (7) year old prepubescent female who is naked from the waist down with her legs spread. The minor female's vagina and anus is exposed to the camera.

18. Verizon Cloud provided Cyber Tipline Report number **172257356** with the following information regarding the user being reported:

> **Incident Type**: Child Pornography (possession, manufacture, and distribution)
> **Incident Time**: 08/26/2023 @ 21:02:32 UTC
> **Phone: 479-225-1513**
> **Number of Uploaded Files**: 49
>
> - **NOTE**: The entire contents of the flagged uploaded files, contained within the Cyber Tipline Report, were all reported as having been previously viewed by the reporting Electronic Service Provider.

19. Your Affiant viewed the files linked to the Cyber Tipline Report and determined the majority of them were in fact image/video files containing child pornography. On or about December 29, 2023, your Affiant viewed and described three of these files as follows:

(a) **File Name**: feb01bc9be4e44c1bad21fee2e220ae8_832003d4e92dc4f1199caece 8a1da89ca33b56215c 520e3fb5d0f52e06409ec4.jpg

This image is of an approximate four (4) to seven (7) year old prepubescent female completely naked with her hands and feet bound together in what can best described as a hanging sex chair. The prepubescent female is positioned in the sex chair where her bound feet are spread exposing her vagina and anus to the camera.

(b) **File Name**: feb01bc9be4e44c1bad21fee2e220ae8_b7a9664f8c872cbb52f2891df5625 579c1c7fa64b36411f6c6d8ac975101d690

This image is believed to be part of a series depicting the same prepubescent female captured in the above referenced image file. This particular image shows the minor female being vaginally penetrated by an adult male's penis with a hand written sign on the child's lower torso reading, "TLZ BABY VIP PRODUCING".

(c) **File Name**: feb01bc9be4e44c1bad21fee2e220ae8_ff2713503be57eb84c7c2a45186 784f7846796fbb3df1d3d89d8ae57c527032e

This image depicts the same prepubescent female depicted in the prior submitted descriptions, completely naked and laying on her back, unbound, in the sex chair. The child has her legs spread exposing her breasts, vagina, and anus to the camera.

20. In December 2023, your Affiant received and reviewed subpoenaed documents from Verizon Wireless in reference to the flagged telephone number, **479-225-1513**, associated to the Cyber Tipline Reports. The returned documents revealed, at the time of the flagged child sexual abuse material between approximately July 21, 2023 through August 26, 2023, the number was linked to a cellular telephone subscribed to Michael Gilmore with a listed activation date of November 2, 2022. The Verizon Wireless number assigned to Gilmore contained the email address of gilmoremdg34@yahoo.com through the account ending in the last four digits 983-1. Review of additional subscriber information for Gilmore contained a residential address of 1375 North

9

Leverett Avenue, Apartment 4 located in Fayetteville, Arkansas 72703. Verizon Wireless showed a home and work contact phone number for Gilmore as 479-518-4213 at the same address.

21.     Your Affiant then conducted Department of Homeland Security (DHS) and open-source database queries on the subscriber of the flagged Verizon Wireless telephone number. The queries revealed Michael Gilmore is believed to be Michael Douglas GILMORE with a date of birth of XX/XX/1973 and assigned the Social Security Administration number XX-XXX-7519. Open-source databases showed GILMORE is possibly residing at 615 West Cheshire Court, Apartment 308, in Fayetteville, Arkansas 72701. GILMORE also possesses an Arkansas driver's license bearing the number XXXXX5378 which was issued on 01/27/22 and expires on 01/27/26. The current address associated to the Arkansas driver's license is listed as being 615 West Cheshire Court, Apartment 308 in Fayetteville, Arkansas, 72701.

22.     Additional record checks listed GILMORE as also possibly residing or previously living at 1375 North Leverette Avenue, Apartment 4, in Fayetteville, Arkansas 72703. While currently or previously residing at 1375 North Leverette Avenue, Apartment 4, queries revealed GILMORE was believed to be utilizing a "Cellco Partnership-dba-Verizon Wireless – AR" mobile telephone with listed number 479-518-4213, which is the same flagged number in the Cyber Tipline Reports.

### Execution of the Search Warrant

23.     Because the Synchronoss Technologies, Inc. – Verizon Cloud servers containing the information and evidence are located outside of the Western District of Arkansas, your Affiant will not physically execute this search warrant at Synchronoss Technologies, Inc. – Verizon Cloud in Bridgewater, New Jersey. Instead, a copy of the search warrant will be sent via email or through

10

an online law enforcement portal to the Synchronoss Technologies, Inc. – Verizon Cloud Security/Legal Compliance Department located in Bridgewater, New Jersey.

24. Upon receiving the copy of the search warrant the Synchronoss Technologies, Inc. – Verizon Cloud Security/Legal Compliance Department will ensure that the requested records are recovered from their servers in a manner consistent with the preservation and handling of evidentiary material. The execution of the search warrant in this manner will ensure that Synchronoss Technologies, Inc. – Verizon Cloud business operation is uninterrupted by the otherwise physical execution of a search warrant by law enforcement and provides the least intrusive manner for all parties involved.

## Information To Be Searched And Things To Be Seized

25. Your Affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Synchronoss Technologies, Inc. – Verizon Cloud to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment A and Attachment B. Upon receipt of the information described in Section Attachment B, Government-authorized persons will review that information to locate the items described in Attachment B.

## Conclusion

26. Based on the foregoing information, probable cause exists to believe there is located on the computer servers of Synchronoss Technologies, Inc. – Verizon Cloud headquartered at 200 Crossing Boulevard in Bridgewater, New Jersey 08807, evidence of violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography and 2252A(a)(5)(B), Possession of Child Pornography. Your Affiant prays upon this honorable court to issue a search

warrant to Synchronoss Technologies, Inc. – Verizon Cloud, for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(1), Transportation of Child Pornography and 2252A(a)(5)(B), Possession of Child Pornography.

GERALD F FAULKNER JR
Digitally signed by GERALD F FAULKNER JR
Date: 2024.01.04 13:33:25 -06'00'

_____
Gerald Faulkner, Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this ___4th___ day of January, 2024.



_____
Honorable Christy Comstock
United States Magistrate Judge